# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00226-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| BEST RATE TREE & LANDSCAPING, ) | |
| INC., TROY A. LAMPKIN , ) ) | |
| Defendant(s). ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff, the United States of America's, Motion for Entry of Judgment, (Doc. No. 4). The Plaintiff, the United States of America, and the Defendants, Best Rate Tree & Landscaping, Inc. and Troy A. Lampkin, consent to this Motion and the entry of this permanent injunction.

## I. FINDING OF FACTS

1. Defendant Best Rate Tree & Landscaping, Inc. ("Best Rate") is a North Carolina corporation that has operated since 2004.

2. As owner and operate of Best Rate, Defendant Troy A. Lampkin was responsible for Best Rate's federal tax obligations.

3. Best Rate has failed to timely file its employment tax returns since 2004 and failed to timely pay its employment tax liabilities since 2006.

4. Best Rate owes approximately $170,954.81 in unpaid federal employment taxes as of April 1, 2017, including statutory interest and penalties that have accrued and will continue to accrue according to law.

5. Best Rate has untimely filed every unemployment tax return since 2007, and has failed to file its 2016 unemployment tax return.

6. Best Rate has failed to fully pay its unemployment tax liability for December 31, 2007 through December 31, 2009 and December 31, 2015.

7. Best Rate owes approximately $1,845.79 in unpaid federal unemployment taxes as of April 1, 2017, including penalties and interest that have accrued and will continue to accrue until paid in full.

8. The Internal Revenue Service has devoted considerable amount of its resources to encourage Bet Rate and Troy A. Lampkin's voluntary compliance and to administratively collect its · delinquent taxes.

9. The Internal Revenue Service's collection efforts were minimally successful, and Best Rate's federal tax liabilities continue to increase.

10. It is reasonably likely that Best Rate and Troy A. Lampkin will continue to pyramid federal tax liabilities in the future.

11. Further administrative collection will not resolve Best Rates' large outstanding tax liability or stop Best Rate's continuing noncompliance with the internal revenue laws.

## II. CONCLUSIONS OF LAW

12. The Court has jurisdiction over the parties and the subject matter of this case pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402(a);

13. Best Rate and Troy A. Lampkin have violated and continue to violate 26 U.S.C. §§ 3102, 3111, 3301, 3402, 601l(a) and 6302, and 6157 by failing to timely file its federal employment (Form 941) and unemployment (Form 940) tax returns as required by law; failing to collect and pay over to the Internal Revenue Service the full amounts of the federal employment and unemployment taxes due and owing; and failing to make timely employment tax deposits as

required by law.

14. The United States is also entitled to injunctive relief under the traditional equitable principles.

15. The United States lacks an adequate remedy at law because the Defendants have evaded the United States' previous collection efforts.

16. The United States will suffer irreparable harm without an injunction because the Defendants' ever-increasing federal tax liabilities of approximately $173,000 may never be collected.

17. The injury to the United States outweighs any potential injury to the Defendants.

18. An injunction will serve the public interest.

19. An injunction is necessary or appropriate for the enforcement of the internal revenue laws and is therefore appropriate under 26 U.S.C. § 7402(a).

## III. CONCLUSION

Upon the consent of the Plaintiff, the United States of America, and the Defendants, Best Rate Tree & Landscaping, Inc., and Troy A. Lampkin, and in accordance with 26 U.S.C. § 7402(a) and the Court's equitable powers, the Court issues this permanent injunction and **ORDERS** Best Rate Tree & Landscaping and Troy A. Lampkin, for a period of five years:

1) Timely pay to the Internal Revenue Service all employment and unemployment taxes, and make all federal tax deposits as required by Jaw;

2) Provide proof to the Internal Revenue Service, no later than the 20th of each month that the required income and employment taxes were paid to the Internal Revenue Service. Proof of payment shall be sent to 10715 David Taylor Drive, Charlotte, North Carolina 28262, or such other locations as the Internal Revenue Service may designate.

3) Timely pay outstanding federal employment and unemployment tax liabilities due on each return required to be filed;

4) Retain the services of an independent accountant to prepare the company's employment and unemployment tax returns and ensure the timely filing of those returns and payment of taxes owed;

5) Refrain from assigning any property or making any disbursements until all income and employment taxes required to be withheld from its employees' wages are paid; and

6) Give written notification of any future employment tax conduct with respect to any new or presently-owned interest, including notifying the Revenue Officer of any new businesses that they may come to own, manage, or work for.

Any failure by Best Rate Tree & Landscaping and Troy A. Lampkin to comply with this order shall be deemed in contempt of this Court and may subject the Defendants to sanctions including monetary penalties and/or incarceration. The Court will retain jurisdiction over this case to ensure compliance with this injunction.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Entry of Judgment, (Doc. No. 4), is **GRANTED**.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge